UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BERVEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LG CHEM, LTD.,<br><br>　　　　Defendant. | No. 1:18-cv-01542-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(Doc. Nos. 7, 17, 27, 38, 43) |

　　　　This matter is before the court on a motion to dismiss filed by defendant LG Chem, Ltd., (Doc. No. 7), and a motion for leave to amend filed by plaintiffs Rachel Berven and James Berven. (Doc. No. 17.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a), the court referred both motions to the assigned magistrate judge on January 24, 2019, for issuance of findings and recommendations. (Doc. No. 23.)

　　　　On April 18, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the motion to dismiss be denied and the motion for leave to amend be granted. (Doc. No. 38.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service. Defendant filed objections on May 16, 2019, plaintiffs filed a response to those

1

objections on May 30, 2019, and defendant requested leave to reply on June 6, 2019 (which the magistrate judge granted in the findings and recommendations). (Doc. Nos. 38, 41, 42, 43.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendant's objections, (Doc. No. 41), plaintiffs' response to those objections, (Doc. No. 42), and defendant's reply to plaintiffs' response, (Doc. No. 43-1), the court finds the findings and recommendations to be supported by the record and by proper analysis.

Defendant objects primarily on the basis that "personal jurisdiction does not arise from the contacts of a third party . . . [it] must arise out of contacts that the defendant itself creates with the forum State. . . . [T]he unilateral actions by the unidentified third parties that have allegedly acquired LG Chem's lithium ion cell, re-wrapped it as a consumer 'MXJO battery', and brought it to the State of California, cannot support the exercise of jurisdiction here." (Doc. No. 41 at 8.)

However, as plaintiffs have alleged in their proposed first amended complaint, which the magistrate judge directed the plaintiffs to file, the defendant "has past, present, ongoing, and continuing contacts with California by transacting substantial and regular business in this state and manufacturing, distributing, and/or selling goods with the reasonable expectation and knowledge that they will be used in this state and which are in fact used in this state." (Doc. Nos. 17-1 at 5–6; 38 at 2–3.) These contacts include the sale and distribution of lithium ion cells, including the particular kind of battery that is at issue in this case (the "Battery").

Defendant argues that these contacts and activities are irrelevant because: (1) plaintiff's allegations do not show that LG Chem purposefully directed any activities at California *for the Battery in question*; and (2) at any rate, LG Chem's alleged contacts fail the "but for" test used to determine whether plaintiff "would have suffered injury even if none of the [defendant's forum] contacts had taken place." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 272 (9th Cir. 1995); *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1151 (9th Cir. 2017) ("[T]he 'but for' test is used to determine whether claims arise out of the [defendant's] contacts.").

However, the magistrate judge noted in the findings and recommendations that plaintiffs allege in their proposed first amended complaint the following:

> In addition to the authorized LG Chem batteries shipped directly to California, LG Chem also engages, upon information and belief, in a grading process for the various batteries it manufactures. Upon information and belief, those batteries that fail to achieve a sufficient grade or conform appropriately to standards are not discarded. Instead, in the interests of profit, LG Chem sells those inferior or nonconforming lithium-ion battery products to other distributors, with LG knowing full well that they may be using those batteries for individual electronic or other uses—uses that may not be explicitly authorized, but are certainly permitted by LG Chem in the interest of maintaining its profitability. In addition, based upon information and belief, in the manufacturing process, LG Chem ends up with a significant quantity of batteries with cosmetic defects in the wrapper, without a wrapper at all, or with batteries with other types of cosmetic and other defects. Again, instead of discarding those batteries, LG Chem knowingly sells those substandard batteries to various distributors throughout the world to remove the cosmetically defective or missing wrapper, apply their own wrapping, and then sell those batteries for other uses. Those batteries are then sold to consumers throughout the world, and readily and rapidly reach California shores, all at the reasonable expectation or explicit knowledge of LG Chem. Based on these two avenues, LG Chem ultimately sells huge quantities of lithium-ion batteries that end up in the electronic cigarette market in California, and end up in the hands of California consumers, including upon information and belief, the battery at issue in this matter.
>
> For at least the last six years, it has been well known in the electronic cigarette industry, and based upon information and belief, well known to LG Chem, that its lithium-ion batteries were being used in connection with electronic cigarettes and were even recommended by multiple online sources for e-cig use.

(Doc. Nos. 17-1 at, 38 at 3.)

These allegations, if true, would be sufficient to demonstrate that defendant directed activities related to the Battery at California and that plaintiffs would not have been injured but for defendant's actions. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("[T]he plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."). Because plaintiffs' pleadings need only "make a prima facie showing of personal jurisdiction," the above allegations meet that standard. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quotation marks and citation omitted).

Accordingly:

1. The findings and recommendations issued on April 18, 2019, (Doc. No. 38), are adopted in full;
2. Defendant's request for leave to submit brief statement of supplemental authority, (Doc. No. 27), is granted;
3. Defendant's request for leave to submit a reply to plaintiffs' response to defendant's objections, (Doc. No. 43), is granted;
4. Defendant's motion to dismiss for lack of jurisdiction, (Doc. No. 7), is denied;
5. Plaintiffs' motion for leave to amend the complaint, (Doc. No. 17), is granted;
6. Plaintiffs are directed to file their first amended complaint, (Doc. No.17-1); and
7. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 25, 2019**

UNITED STATES DISTRICT JUDGE